## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

DONALD ANDREWS,                        )
                                       )
          Plaintiff,                   )
                                       )
v.                                     )          Case No. 3:14CV76–HEH
                                       )
WOLCOTT RIVERS GATES, *et al.*,        )
                                       )
          Defendants.                  )

### MEMORANDUM OPINION
**(Defendants' 12(b)(6) Motion to Dismiss)**

This action evolves from a letter sent from the Defendant law firm to Plaintiff demanding payment of past due child support along with court ordered attorney's fees and associated costs.  Plaintiff contends that the letter seeks to collect a fictitious and fraudulent debt.  As a result of this letter, Plaintiff filed the immediate *pro se* action against all twenty-nine members of the Defendant law firm claiming mail fraud, malicious prosecution, extortion, and violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO").  Plaintiff requests $2.5 million in damages, referral of all Defendants to the United States Attorney's Office for criminal prosecution, and to the Virginia State Bar for disciplinary action.

This case is presently before the Court on the Defendants' Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), challenging the facial sufficiency of the Amended Complaint.  For the reasons that follow, the Court finds that the Amended Complaint fails to state an actionable claim both legally and factually.

This Court's review of a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6) focuses on the facial sufficiency of the well-pleaded facts contained in the Amended Complaint. At this preliminary stage, the Court does "not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a motion to dismiss, plaintiff's well-pleaded allegations are taken as true, and the complaint must be viewed in the light most favorable to the plaintiff. *T.G. Slater & Son, Inc. v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004). Legal conclusions, however, enjoy no such deference by the reviewing court. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive Rule 12(b)(6) scrutiny, a complaint need only contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing the Amended Complaint, this Court must parse out the legal conclusions and extraneous commentary. As the U.S. Court of Appeals for the Fourth Circuit emphasized in *Francis v. Giacomelli*, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).[1]

---

[1] Although courts are not required to "conjure up questions never squarely presented to them . . . [or] construct full blown claims from sentence fragments," *pro se* complaints must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "inartfully pleaded," *pro se* complaints must be held to less stringent standards than those drafted by skilled lawyers. *Id.* This Court reviews the Amended Complaint in that light.

Typically, this Court's review of a complaint for facial sufficiency under Rule

12(b)(6) is both informed and constrained by its four corners. In this case, the claims are

derived from allegedly fraudulent correspondence and a series of court orders and related

pleadings. These material documents have been attached to the Defendants'

Memorandum in Support of their Motion to Dismiss as exhibits. *See* Defs.' Mem.

Support Mot. Dismiss, Exs. A–D, ECF No. 14.[2] Since they are integral to the Amended

Complaint and appear in all respects to be authentic, they may be considered by the Court

in assessing the sufficiency of Plaintiff's claims. *Phillips v. Pitt Cty. Mem. Hosp.*, 572

F.3d 176, 180 (4th Cir. 2009) (citation omitted); *see also* Fed. R. Civ. P. 10(c). The

Court will therefore include Exhibits A–D, appended to the Defendants' memorandum

supporting their motion to dismiss, in its Rule 12(b)(6) analysis.

Viewing the allegations in the Amended Complaint in the light most favorable to

the Plaintiff, as required at this stage, he contends that on October 10, 2013 he received a

letter from the Defendant law firm attempting to collect a fictitious and fraudulent debt of

$11,890. He maintains that the representations in the letter as to the legal status of the

debt were false. He further alleges that in the weeks that followed, Defendants filed

requests with the clerk of the court seeking criminal show cause orders for the purpose of

extorting Plaintiff into paying the purportedly fraudulent debt. Defendants allegedly

made further representations that nonpayment of the fictitious debt could result in arrest

or imprisonment. One of the two show cause orders alleging failure to pay child support

---

[2] Exhibit E, a letter from Defendant law firm to the Virginia Beach Juvenile & Domestic
Relations Court, is not referenced in the Amended Complaint and was not considered by the
Court.

3

was, according to the Amended Complaint, dismissed.  Net of legal conclusions, this constitutes the gravamen of his claims of mail fraud, malicious prosecution, extortion, and violation of the RICO Act.

Allowing the *pro se* Plaintiff broad latitude in the construction of his Amended Complaint, the Court will turn first to Count I which alleges that Defendants committed mail fraud by sending both the letter and the two criminal show cause warrants through the United States Postal Service.  (Am. Compl. 4, ¶¶ 1–3.)  Plaintiff claims that Defendants made "fraudulent representations as to the validity of a . . . court order" in the letter and that the letterhead was "used as an instrumentality of intimidation to effect . . . mail fraud."  (Am. Compl. 4, ¶¶ 1–2.)

It is well settled that "[l]ike substantive federal law itself, private rights of action to enforce federal law must be created by Congress."  *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).  "To create a private right of action, Congress must 'speak with a clear voice,' and the statute must 'unambiguously' express the intent 'to create not just a private *right* but also a private *remedy*.'"  *Clear Sky Car Wash LLC v. City of Chesapeake*, 743 F.3d 438, 444 (4th Cir. 2014) (quoting *Gonzaga Univ. v. Doe*, 586 U.S. 273, 280, 283, 284 (2002).  Furthermore, "[t]he Supreme Court historically has been loath to infer a private right of action from 'a bare criminal statute.'"  *Doe v. Broderick*, 225 F.3d 440, 447 (4th Cir. 2000).  The Court presumes Plaintiff brings this claim pursuant to the mail fraud statute, 18 U.S.C. § 1341, a criminal statute which does not include a private right of action and gives no express indication of Congressional intent to create a civil remedy. *Neild v. Wolpoff & Abramson, L.L.P.*, 453 F. Supp. 2d 918, 926–27) (E.D. Va. 2006).

Accordingly, because there is no private right of action under § 1341 from which Plaintiff can recover civil damages, Count I fails to state a claim upon which relief can be granted.

Count II alleges that Defendants maliciously prosecuted Plaintiff by signing and serving upon him two "criminal show cause warrants" for the non-payment of child support and attorney fees. (Am. Compl. 4, ¶ 3.) Plaintiff contends that "Defendants had no probable cause or reasonable grounds for prosecuting a civil debt as a criminal matter," (Am. Compl. 5, ¶ 6), and that "Defendants [*sic*] purpose in wrongfully prosecuting Plaintiff was extortion." (Am. Compl. 5, ¶ 5.) Plaintiff states that one of the criminal warrants has been dismissed while the other is scheduled for hearing on July 15, 2014." (Am. Compl. 5, ¶ 4.)

To constitute a claim for malicious prosecution under Virginia law, Plaintiff bears the burden of demonstrating by a preponderance of the evidence that the prosecution was "(1) malicious; (2) instituted by, or with the cooperation of, the Defendant[s]; (3) without probable cause; and (4) terminated in a manner not unfavorable to the Plaintiff." *Hudson v. Lanier*, 255 Va. 330, 333 (1998). Though Plaintiff's Amended Complaint, if *very* liberally construed, recites the necessary components of a malicious prosecution claim, it is devoid of supporting facts and offers nothing more than "labels and conclusions" or "[a] formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 550).

Plaintiff provides no factual enhancement to substantiate his claims of malice or absence of probable cause. The mere fact that legal process ultimately was dismissed casts no light on whether its issuance was predicated on probable cause. Also worthy of

note is Exhibit C to Defendants' Memorandum in Support of their Motion to Dismiss which addresses the debt forming the basis of Plaintiff's claims. Exhibit C is a certified copy of an order entered by the Circuit Court for the City of Virginia Beach requiring Plaintiff to pay attorney's fees of $10,000 and $1,890 in costs within 90 days.

By his own admission, Plaintiff concedes that only one of the show cause warrants has been dismissed while the other is awaiting disposition. (Am. Compl. 5, ¶ 4.) Therefore, Plaintiff cannot allege that *both* show cause warrants have been "terminated in a manner not unfavorable" to him and, consequently, he fails to plead an actionable claim for malicious prosecution. *Hudson*, 255 Va. at 333.

Because Plaintiff has alleged "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Twombly*, 550 U.S. at 555, Count II fails to state a viable claim and therefore must be dismissed.

In Count III, Plaintiff alleges that the two criminal show cause summons either filed or requested by Defendants were attempts to extort payment from Plaintiff in the amount of the claimed delinquency. (Am. Compl. 6, ¶¶ 1–2.) Plaintiff maintains that Defendants' attempt to collect the "invalid and fictitious debt" by filing multiple criminal show cause actions was done in an attempt to extort money from Plaintiff by causing him to fear incarceration if he did not comply with their request. (Am. Compl. 6, ¶¶ 2, 5, 7.)[3]

However, it has been clearly established by Virginia courts that there is no civil cause of action for extortion in Virginia. *Eley v. Evans*, 476 F. Supp. 2d 531, 532 n.3

---

[3] In the Commonwealth of Virginia, willful failure to obey a court order involving child support is punishable by contempt and is a criminal offense. *See* Va. Code § 20-61; *Jones v. Robinson*, 229 Va. 276, 283 (1985).

(E.D. Va. 2007) (citing *Doe v. Harris*, 2001 Va. Cir. LEXIS 529, at \*25 (Amherst County Cir. Ct. Apr. 11, 2001), *Johnson v. Freedman*, 1992 Va. Cir. LEXIS 612, at \*1 (Fairfax County Cir. Ct. April 8, 1992)). Further, 18 U.S.C. § 1951, the federal statute governing extortion, is similar to § 1341 referenced above, in that it is nothing more than a bare criminal statute which does not include a private right of action and gives no indication of Congressional intent to create a civil remedy. For these reasons, Plaintiff's claim under Count III must be dismissed for failure to plead a cause of action.

Plaintiff alleges in Count IV that Defendants' actions constitute a violation of RICO. (Am. Compl. 7, ¶¶ 2, 4, 6.) Plaintiff characterizes Defendants as a "corrupt organization . . . engag[ing] in multiple acts of extortion and mail fraud" within the past ten years (Am. Compl. 7, ¶¶ 2–4), that have satisfied the predicate act requirement under RICO to establish racketeering activity. (Am. Compl. 7, ¶ 4.) Further, Plaintiff states that Defendants have "engage[d] in a pattern of crime and prohibited activity in furtherance" of their "enterprise," (Am. Compl. 7, ¶ 7), from which they have derived monetary gains from each of the alleged predicate acts. (Am. Compl. 7, ¶ 7.) Aside from broadly-cast aspersions, Plaintiff offers meager factual context for his claim.

To constitute a civil claim under RICO, 18 U.S.C. § 1964(c), Plaintiff must "plead all elements of the alleged violation of" 18 U.S.C. § 1962. *D'Addario v. Geller*, 264 F. Supp. 2d 367, 388 (E.D. Va. 2003). Section 1962(c) states that "it shall be unlawful for any person employed by or associated with any enterprise engaged in or the activities of which affect, interstate or foreign commerce, to conduct or participate directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering

activity or collection of unlawful debt." Therefore, Plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity" and must demonstrate that "(5) he was injured in his business or property (6) by reason of the RICO violation." *Id.* at 388 (quoting *Sedima, S.P.R.L. v Imrex, Co.*, 473 U.S. 479, 496–497 (1985)).

The Court begins with Plaintiff's assertion that the Defendant Law Firm and the Defendant Attorneys constitute an "enterprise." Under RICO, an "enterprise" is defined as "includ[ing] any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). To constitute a claim under § 1962(c), the enterprise must be "'different from, not the same as or part of, the person.'" *New Beckley Mining Corp. v. International Union, United Mine Workers*, 18 F.3d 1161, 1163 (4th Cir. 1994) (quoting *United States v. Computer Sciences Corp.*, 689 F.2d 1181, 1190 (4th Cir. 1982)). Plaintiff's Amended Complaint fails to allege that "the enterprise," presumably the law firm, is "distinct from the person alleged to have violated § 1962(c)," presumably Mr. Carroll and the remaining Defendant Attorneys. *Palmetto State Med. Ctr., Inc. v. Operation Lifeline*, 117 F.3d 142, 148 (4th Cir. 1997). Instead, it appears that Plaintiff has combined the two into a single entity which he alleges constitutes a "corrupt organization." (Am. Compl. 7, ¶ 2.) However, as stated in *Semiconductor Energy Lab, Co. Ltd. v. Samsung Elec. Co., Ltd.*, Plaintiff is prohibited from circumventing the "distinctness requirement" by "'alleging a RICO enterprise that consists merely of a corporate defendant associated with its own employees or agents carrying on the regular affairs of the defendant.'" 4 F. Supp. 2d 473, 477 (E.D. Va. 1998) (quoting *Riverwoods*

*Chappaqua Corp. v. Marine Midland Bank, N.A.*, 30 F.3d 339, 344 (2d Cir. 1994)). As the Law Firm Defendant and the Attorney Defendants are not distinct, they do not constitute an "enterprise" for the purpose of RICO.

Assuming arguendo that the Plaintiff *had* plausibly alleged that the Defendants comprised an "enterprise," Count IV would still not survive Rule 12(b)(6) scrutiny because he has failed to establish factual support for his claim of a pattern of racketeering. Section 1961(1) states that racketeering activity requires two or more predicate acts, which include mail fraud and extortion. Even if Plaintiff could demonstrate two predicate acts, a pattern of racketeering activity is not established simply by proving two predicate acts without more. *H.J. Inc. v. N. Bell Tel. Co.*, 492 U.S. 229, 237-38 (1989) ("[T]here is something to a RICO pattern *beyond* simply the number of predicate acts involved."); *see GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 549 (4th Cir. 2001) (citation omitted). In order to qualify as a predicate act for RICO purposes, Plaintiff "must plead all the elements of the underlying offense *and plead facts demonstrating that the defendant could be convicted of that offense.*" *Vuyyuru v. Jadhav*, 2011 U.S. Dist. LEXIS 42254, at *58 (E.D. Va. 2011) (emphasis added) (citation omitted). Even with the benefit of all reasonable inferences, the Amended Complaint fails to plausibly demonstrate criminal activity on the part of the Defendants. Plaintiff's hyperbolic characterizations fail to add marrow to an otherwise skeletal complaint.

Finally, in Count V, Plaintiff concludes by asserting that Defendants entered into a conspiracy to violate RICO. (Am. Compl. 8, ¶ 2.) Plaintiff contends that Defendant

9

Carroll, because his correspondence was on letterhead which included the names of the other attorneys at his law firm, acted with "the consent, assistance, and possibly at the behest of his Attorney Co-Defendants" in violating RICO. (Am. Compl. 8, ¶ 2.) Plaintiff claims that because the letterhead bore the name of all of the Attorney Defendants, it was used as an instrumentality for "intimidation to effect extortion and mail fraud." (Am. Compl. 8, ¶ 2.) Plaintiff further alleges that the "Attorney Defendants willfully consented to actions and patterns of illegal activity which were utilized to derive income for the corrupt organization." (Am. Compl. 8, ¶ 3.) The Amended Complaint contains no factual basis to support these claims.

Aside from Plaintiff's failure to plead a plausible concert of action or common design by the legion Defendants, his inability to state a substantive claim of RICO is equally fatal. *GE Inv. Private Placement Partners II*, 247 F.3d at 551 n.2 (citation omitted). Plaintiff has failed to establish that any of the Defendant Attorneys "intend[ed] to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense." *Salinas v. U.S.*, 522 U.S. 52, 65 (1997).[4]

Therefore, Plaintiff has failed to plead a plausible claim for which relief can be granted as a matter of law and Count V must be dismissed.

---

[4] In the alternative, if the Court were to proceed under the assumption that Plaintiff *had* sufficiently plead a substantive RICO claim, Count V would still be dismissed because of the doctrine of intra-corporate immunity, "a single entity cannot conspire amongst itself." *Cohn v. Bond*, 953 F.2d 154, 159 (4th Cir. 1992); *see Huntingdon Life Sciences, Inc. v. Rokke*, 986 F. Supp. 982, 991 (citation omitted) ("[F]or purposes of § 1962(d), a corporation acting through its officers, even where the act is unlawful, does not constitute a 'conspiracy.'"). As Defendant Attorneys are all members of the same law firm, as a matter of law, they cannot conspire amongst themselves to violate RICO.

Based on the foregoing analysis, the Defendants' Motion to Dismiss will be granted.  Since no amendments or further pleadings of fact could resuscitate his claims in Counts I, III, IV, and V of the Amended Complaint, they will be dismissed with prejudice.  Count II will be dismissed without prejudice.

An appropriate Order will accompany this Memorandum Opinion.

_____/s/_____

Henry E. Hudson
United States District Judge

Date: _July 3 2014_
Richmond, Virginia

11